IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM HARRISON MEADE

          Petitioner,

v.                                                  CIVIL ACTION NO. 2:19-cv-00141
                                                   (Criminal No. 2:15-cr-00133)

UNITED STATES OF AMERICA,

          Respondent.

MEMORANDUM OPINION AND ORDER

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this court of Proposed Findings and Recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On April 22, 2020, the Magistrate Judge submitted findings and recommends that the court **DENY** Plaintiff William Harrison Meade's Motions and Supplemental Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, [ECF Nos. 39, 49, 50], **GRANT** the Respondent United States of America's request for dismissal, and **REMOVE** this matter from the Court's docket.

Thereafter, pro se Plaintiff Meade submitted Objections to the PF&R on July 6, 2020. [ECF No. 64]. When a Magistrate Judge issues a recommendation on a dispositive matter, the court reviews de novo those portions of the Magistrate Judge's report to which specific objections are filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(3). This court is not, however, required to conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).

In his objections, Plaintiff does not direct any specific objections to Magistrate Judge Eifert's PF&R, but instead asks for the same relief that the Magistrate Judge recommended be denied, including collaterally attacking his plea agreement and a claim for ineffective assistance of counsel. *See* [ECF No. 64].

Because Plaintiff does not address any specific error by the Magistrate Judge, the court **FINDS** that a de novo review is not required. Plaintiff also fails to demonstrate any clear error in the PF&R. I find it prudent to note to pro se Plaintiff Meade that his sentence issued by Judge Johnston on May 20, 2016 is a final judgment. And 18 U.S.C. § 3582 states that I may not thereafter release a defendant from prison or reduce or modify a sentence once the judgment is final, unless one of the following three events occurs: (1) the Director of the Bureau of Prisons makes such a motion; OR (2) the defendant makes such a motion after making a request to the Warden and either exhausting administrative remedies or waiting 30 days from the Warden's receipt of the defendant's request, whichever is earlier; OR (3) the United States makes a Rule 35 motion for substantial assistance. Thus, letters written to me asking to change, reduce, or modify a sentence will be of no consequence unless the requirements of § 3582 are satisfied.

Accordingly, the court accepts and incorporates herein the findings and recommendation of the Magistrate Judge and orders judgment consistent with the findings and recommendations. The court **OVERRULES** Plaintiff's objections. [ECF No. 64]. The court **DENIES** the Plaintiff's Motions and Supplemental Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, [ECF Nos. 39, 49, 50], **GRANTS** the Respondent's request for dismissal, and **REMOVES** this matter from the Court's docket. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 22, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE